IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Copyright Rightsholder Identified in Exhibit 1,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule "A",<br><br>　　　　Defendants. | Case No.: 1:23-cv-04507<br><br>Hon. Judge Matthew F. Kennelly |

**DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION [DKT 27]**

Defendants BARBIQUIU, CCelegant (a.k.a elegant), EasyFunny, NewO2, SW-WORLDER,and shanglan ("Defendants"), together with the Declaration of Yali Jia on behalf of BABIQIU ("Jia Decl."), Declaration of Zhanyu Ren on behalf of CCelegant ("Ren Decl."), Declaration of Mingda Zhang on behalf of EasyFunny ("Zhang Decl."), Declaration of Fangnan Zhong on behalf of NewO2 ("Zhong Decl."), Declaration of Jiangjiang Zhou on behalf of shanglan ("Jiangjiang Decl."), Declaration of Tianqi Zhao on behalf of SW-WORLDER ("Tianqi Decl.") respectfully submit their Motion to Dissolve the Preliminary Injunction Order [Dkt. 27].

### I.　　INTRODUCTION

The preliminary injunction order shall be dissolved because Plaintiff cannot show that Plaintiff is likely to suffer irreparable harm if the motion is denied. Moreover, the sole purpose of Plaintiff's motion for PI is to eliminate Defendants from the legitimate competition in the market. Defendants compete with Plaintiff in the market for selling fire extinguishers. Plaintiff is attempting to improperly use the judicial process and Plaintiff's alleged copyright of an instructional video to stop Defendants from legitimately selling non-infringing, competing fire extinguishers. As a result of Plaintiff's already improperly obtained TRO, Amazon has shut down Defendants' stores, and Defendants are being irreparably harmed.

1

Plaintiff alleges that Defendants' use of the video/images is causing confusion in the marketplace and damaging Plaintiff's reputation. However, Plaintiff has not provided any evidence to support its speculative allegations. Moreover, since Defendants have stopped using the video/images complained about, there is no longer a threat of irreparable harm to Plaintiff from reputational harm. Moreover, both the balance of the equities and the public interest factors favor Defendants.

Additionally, Plaintiff' is requesting an injunction that is not tailored to the harm it seeks to prevent. Plaintiff has purposefully included non-infringing products in its motion for preliminary injunction. [Dkt. 25]. Defendants' fire extinguishers do not infringe any of Plaintiff's asserted rights. Defendants have stopped using the Plaintiff Work, and Defendants have committed to not use the Plaintiff Work in the future. The restraint on Defendants' Amazon stores should be lifted, and Defendants should be allowed to continue selling competing, non-infringing fire extinguishers as long as Defendants do not use the Plaintiff Work to promote their sales.

Therefore, Plaintiff's motion should be denied because the motion is not supported by fact or law and its only purpose is to improperly use the judicial process to eliminate legitimate competition in the marketplace.

## II. BACKGROUND

### A. Procedural History

Plaintiff first filed its Complaint [Dkt. 1, ("Complaint")] on July 12, 2023, alleging that Defendants engaged in copyright infringement. On July 16, 2023, Plaintiff filed an *ex parte* Motion for Entry of a Temporary Restraining Order and Expedited Discovery. [Dk. 7, ("TRO")]. The Court granted the TRO on July 21, 2023 [Dkt. 13], and later granted an extension of the TRO on August 1, 2023 [Dkt. 17]. Plaintiff moved for preliminary injunction on August 15, 2023. [Dkt. 21], and later was denied without prejudice to renewal on August 16, 2023 [Dkt. 24]. On August 16, 2023, Plaintiff filed Motion for Preliminary Injunction [Dkt. 25], and it was

granted on August 17, 2023 [Dkt 27].

### B. Factual Background

#### 1. The Plaintiff Work

Plaintiff allegedly engages in the creation, manufacture, marketing, and sale of fire extinguisher products ("Plaintiff Products"). [Dkt. 1, ¶ 10] Plaintiff allegedly "created and produced an instructional video demonstrating the product and its features" ("Plaintiff Work"). *Id*. Plaintiff alleges to be the owner of the video and produced a "federal copyright registration preview certificate for the Plaintiff Work." In this case, Plaintiff has not asserted any patent or trademark rights against Defendants. Hence, the only allegedly infringed right of Plaintiff is the unauthorized copying of segments/images of the instructional video.

#### 2. Defendants

Defendants operate online stores that, among other things, sell fire extinguishers. *See* Jia Decl. ¶ 4, *See* Ren Decl. ¶ 4, *See* Zhang Decl. ¶ 4, *See* Zhong Decl. ¶ 4, *See* Jiangjiang Decl. ¶ 4, *See* Tianqi Decl. ¶ 4. Before their Amazon accounts were restrained because of the TRO, Defendants had not received any notice of potential, alleged copyright infringement. *See* Jia Decl. ¶ 7, *See* Ren Decl. ¶ 7, *See* Zhang Decl. ¶ 7, *See* Zhong Decl. ¶ 7, *See* Jiangjiang Decl. ¶ 7, *See* Tianqi Decl. ¶ 7. As a result of the improperly obtained TRO, Amazon has restrained Defendants' stores resulting in the plummeting of Defendants' revenues and Defendants' inability to pay their employees and suppliers. Amazon restrained Defendants' entire account funds, even those unrelated to the allegedly infringing activity. *See* Jia Decl. ¶ 10-11, *See* Ren Decl. ¶ 10-11, *See* Zhang Decl. ¶ 10-11, *See* Zhong Decl. ¶ 10-11, *See* Jiangjiang Decl. ¶ 10-11, *See* Tianqi Decl. ¶ 11-12.

The restraint on Defendants' stores has also negatively affected the normal sales and turnover of products other than fire extinguishers. The improperly obtained TRO will also result

in Amazon downgrading the Defendants' stores ranking, which will have a significant impact on their future sales.

Defendants use of the Plaintiff Work was innocent rather than willful copyright infringement. Before positing pictures and videos, all Defendants have checked the copyrights ownership. Defendants use of the Plaintiff work was solely to "demonstrate how to use the product," rather than to induce consumers to buy the fire extinguisher because of the video." *See* Jia Decl. ¶ 8, *See* Ren Decl. ¶ 8, *See* Zhang Decl. ¶ 8, *See* Zhong Decl. ¶ 8, *See* Jiangjiang Decl. ¶ 8, *See* Tianqi Decl. ¶ 9. Moreover, Defendants "promise to remove this video" once their Amazon accounts are restored "regardless of how this case develops, whether the other party's copyright is valid or not." *See* Jia Decl. ¶ 9, *See* Ren Decl. ¶ 9, *See* Zhang Decl. ¶ 9, *See* Zhong Decl. ¶ 9, *See* Jiangjiang Decl. ¶ 9, *See* Tianqi Decl. ¶ 10.

3. The Allegedly Infringing Products

Plaintiff appears to be intentionally confusing the nature of the allegedly infringing activity. For example, Plaintiff alleges that Defendants are "offering for sale and/or selling unlicensed products pirated copies of Plaintiff's registered copyright ('Infringing Products')." [Dkt. 1, ¶ 2]. From that statement, it appears that Plaintiff is alleging that the infringing activity is the offering for sale and/or selling "pirated copies" of Plaintiff's registered copyright (that is, the Plaintiff Work). However, Defendants have not sold, and do not sell, copies of the Plaintiff Work. Plaintiff further alleges that Defendants' stores "are intentionally designed to appear to be selling genuine Plaintiff products, while actually selling the Infringing Products". [Dkt. 1, ¶ 3]. Here, Plaintiff conflates the Plaintiff Products (that is, fire extinguishers) with the Plaintiff Work (that is, the instructional video).

Plaintiff appears to argue that any fire extinguishers promoted with the Plaintiff Work are

4

"Infringing Products" ("Defendants [. . .] engaged in acts of widespread infringement through [. . .] the sale of fire extinguisher items product listings using the Plaintiff Work without authorization." [Dkt. 1, ¶ 45]. Also, Defendants "without the permission or consent of the Plaintiff, has offered to sell, marketed, distributed, advertised, sold and continues to sell online products in connection with the Plaintiff Work." [Dkt. 1, ¶ 46].). However, Plaintiff is overreaching. The copyright on the Plaintiff Work only protects unauthorized use of the video. Selling or advertising fire extinguishers that are similar (or even identical) to fire extinguishers shown in the video are not infringing activities.

Plaintiff takes the position that the use of the video causes confusion (for example, Plaintiff asks the Court to prohibit Defendants from "committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff." [Dkt. 1, *11]. However, Defendants' innocent use of the Plaintiff Work was not for the purpose of causing confusion but for the purpose of instructing in the use of the fire extinguishers (an activity that is colorably covered by the fair use doctrine of copyright). Here, the defendants, BABIQIU, CCelegant, EasyFunny, NewO2, and SW-WORLDER sell their fire extinguishers under license of the owner of United States Patent No. D987,169. The trademarks and trade dress associated with the competing fire extinguishers are different. *See* Jia Decl. ¶ 5, *See* Ren Decl. ¶ 5, *See* Zhang Decl. ¶ 5, *See* Zhong Decl. ¶ 5, *See* Tianqi Decl. ¶ 5.

In sum, Plaintiff's attempt to confuse the infringement activity should be resisted. If there were an infringing activity, it would be the unauthorized copying of the Plaintiff Work. Simply advertising and selling a fire extinguisher—even if substantially similar to the fire extinguisher shown in the Plaintiff Work—does not qualify as an infringement of the Plaintiff Work.

### III. LEGAL STANDARD

To obtain a preliminary injunction, Plaintiff must demonstrate "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to

plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321-22 (7th Cir. 1984).

The Seventh Circuit has stated that "a preliminary injunction is an **exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.**" *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 965 (7th Cir. 2018). In fact, a preliminary injunction is "an extraordinary remedy that should not be granted unless the movant, **by a clear showing**, carries the burden of persuasion." *Goodman v. Ill. Dep't of Financial & Professional Reg.*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (emphasis in original)).

As set forth below, Plaintiff fails to satisfy any of these factors and its motion for preliminary injunction should be denied.

## IV.     ARGUMENT

The Court should not grant the preliminary injunction requested by Plaintiff because, among other things, Plaintiff cannot show that it will likely suffer irreparable harm if the Court does not grant the injunction. Additionally, even if Plaintiff can demonstrate that it is likely to prevail on the merits of its copyright claim and that Plaintiff is likely to suffer irreparable harm, the balance of the equities and the public interest lean in favor of the Defendants and against granting the preliminary injunction. Moreover, the injunction is unnecessary now because Defendants have stopped using, and will not use in the future, any part of the Plaintiff Work. Without future use of the Plaintiff Work, there is no threat of economic loss or reputational harm to Plaintiff, and hence, the continued, total restriction of Defendants' Amazon accounts is unjustified and unfair.

    **A. Plaintiff has not shown likely irreparable harm or no adequate remedy at law.**

        1. Plaintiff has not provided any evidence to show it will likely suffer real and immediate irreparable harm.

To clear the irreparable harm hurdle, Plaintiff "must demonstrate that he will **likely** suffer irreparable harm absent obtaining preliminary injunctive relief." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017). (Emphasis added). This requires "**more than a mere possibility of harm.**" *Id.* at 1045 (emphasis added); see *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon **a clear showing** that the plaintiff is entitled to such relief." *Id.*; *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020). (Emphasis added). The threat of irreparable injury necessary to justify the extraordinary remedy of preliminary injunctive relief must be **"real and immediate,"** not **"conjectural or hypothetical."** *Woodard v. Victory Records, Inc.*, 2013 U.S. Dist. LEXIS 144270, *8-10, quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).

Plaintiff argues that the Seventh Circuit has recognized that while loss of goodwill is "more commonly associated with trademark cases, [ ] it is applicable to copyright as well." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997); *Spinmaster, Ltd. v. Overbreak LLC*, 404 F.Supp.2d 1097, 1111 (N.D. Ill. 2005) (holding that damage to a copyright holder's goodwill "is unquantifiable and therefore irreparable."); *Jefferson v. Johnson Publishing, Inc.*, 1992 WL 318615, at *2 (N.D. Ill. Oct. 28, 1992) ("noting that 'the most corrosive irreparable harm' attributable to copyright infringement is the victim's inability to control the nature and quality of the infringer's goods."). However, in all these cases, the threat of reputational harm was based on the continued use of the copyright holder's work if the injunction were not granted. See *Ty* at *1173 (holding that plaintiff's goodwill could be impaired if costumers bought Defendant's product thinking it was plaintiff's product, and further upon evidence that there was evidence of defendant's questionable quality control); *Spinmaster* at *111 (rejecting defendant's argument that "it ha[d] ample cash reserves to pay a judgment award

and argu[ing] that, due to the short life cycle of toys, [plaintiff] would actually be better served by allowing [defendant] to continue making sales and then pay damages later if they los[t]."); *Jefferson* at *2 (holding that "[d]efendants' intended advertising campaign will irreparably harm [plaintiff]'s ability to decide when and how copies of his work may be made and shown to others").

In *LigTel*, the Court denied a preliminary injunction because it found that the plaintiff "**failed to offer any evidence whatsoever** that its reputation [. . .] has been or has a likelihood of being damaged in the future as a result of [defendant's alleged infringement]." *Ligtel Communs. v. Baicells Techs*., 455 F. Supp. 3d 792, 809-810 (finding that **plaintiff's "assertion that it is suffering, it is likely to suffer, or it is possible that it might suffer some harm to its reputation [. . .] is just that, potential and speculative.** Indeed, to the extent harm exists, it is pure conjecture by [plaintiff], generalized and entirely conclusory. Moreover, 'a speculative fear of injury is not a ground for an injunction.'", quoting *Wright v. Miller*, 561 F. App'x 551 554 (7th Cir. 2014)). Id. at *810. (Emphases added).

Additionally, the "extraordinary remedy of a preliminary injunction is designed to **protect against future harm, not, harm that has already passed**." *Turnell v. CentiMark Corp.,* 796 F.3d 656 (7th Cir. 2015) (movant must show that "absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution...."). (Emphasis added). In *Antsy Labs*, the Court acknowledged that "injunctive relief is intended to '**protect against future harm, not harm that has already passed,**' and [if defendants had] **stopped selling the allegedly infringing products [,] the injunction [would] no longer serve[] any purpose."** *Antsy Labs, LLC v. Individuals*, 2022 U.S. Dist. LEXIS 212406, *7-13 (granting preliminary injunction partly because "[p]laintiffs cite[d] screenshots showing that [d]efendants [continued to] offer[] infringing products for sale[.]"). Id. (Emphases added). Plaintiff must **show "why issuing a preliminary injunction now would prevent any irreparable harm beyond the damage already done."** *Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, 2020 WL

6265133 at *11 (N.D. Ill. Aug. 20, 2020) (internal citations omitted). (Emphasis added).

In *M1 Holdings*, the Court held that the plaintiff failed to show irreparable harm because plaintiff "**provide[d] no evidence** that it has or is **likely to lose customers or revenue** due to [defendant's] use of the [plaintiff's trademark.]" Therefore, [plaintiff] has failed to 'demonstrate that [it] will *likely* suffer irreparable harm[.]'". *M1 Holdings Inc. v. Members 1st Fed. Credit Union*, 2022 U.S. Dist. LEXIS 220434, *34-35. (Emphasis added). Loss of customers or loss of business generally is a measurable loss that can be adequately remedied by an award of monetary damages if the movant prevails after a trial on the merits. "Loss of sales, profits or market share does not necessarily establish irreparable harm." *McDavid Knee Guard*, 683 F. Supp. 2d at 747.

Plaintiff cites a string of cases from outside this District for the proposition that collecting damages from foreign defendants could support a finding of irreparable harm. In fact, the Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). Moreover, in this District, prejudgment asset restraints, are limited to cases seeking equitable relief, where they are limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2013 WL 12314399 at *2 (N.D. Ill. Oct. 31, 2013).

Here, Plaintiff has not offered any evidence that the threat of irreparable harm is "real and immediate," rather than "conjectural or hypothetical." Plaintiff alleges that it "is likely to suffer irreparable harm [because] Defendants' infringement of Plaintiff's copyright threatens the Plaintiff's established goodwill with customers and reputational harm." TRO *6. Plaintiff further alleges that "Defendants' unauthorized use of the registered Plaintiff Work has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales." Id. *7. Beyond those bare, generic statements, Plaintiff does not provide any evidence at all to support its claims of

reputational harm or economic loss. Plaintiff's generic, conclusory allegations and bare statements of black letter law are insufficient to carry its burden to show "real and immediate harm." Additionally, Plaintiff's unsubstantiated, possible inability to collect damages from Defendants does not amount to irreparable harm.

In this case, as stated above, all Defendants are **not** using the Plaintiff Work now and have committed to not use the Plaintiff Work in the future. Therefore, none of the cases cited by Plaintiff are applicable here. Since Defendants will no longer use any part of the Plaintiff Work, there is no threat of reputational harm to Plaintiff. Plaintiff has not presented any evidence indicating that Defendants are likely to use the Plaintiff Work in the future. Therefore, any damages that were caused by sale of the allegedly infringing product are in the past and "properly the subject of money damages." *Wilson Sporting Goods Co. v. Head Sports, Inc.*, 1999 WL 89776 at *7 (N.D. Ill. Feb. 9, 1999) ("Because **[Defendant] has already stopped selling the [products]** that are the subject of the proposed injunction, **no danger of future harm exists**, and any injury to [plaintiff] from [defendant]'s past sales is properly the subject of money damages.") (Emphasis added.)

      2. Plaintiff cannot demonstrate that the threatened harm could not be fully compensated with money damages.

To justify a preliminary injunction, the movant has must show that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay v. MercExchange, LLC*, 547 US 388, 391 (2006); *Automated Merch.*, 357 Fed. Appx. at 301 ("The burden is now on the patentee to demonstrate that its potential losses cannot be compensated by monetary damages."). In fact, "[l]ost sales (without more) are presumed to be compensable through damages, so they do not require injunctive relief." *Automated Merch.*, 357 Fed. Appx. at 301. In denying a preliminary injunction due to lack of irreparable harm, the Court in *Automated* explained that "lost sales standing alone are insufficient to prove irreparable harm." Id. at 300-301.

If this Court denies the injunction and it is later determined that Defendants have infringed the Plaintiff Work, Plaintiff can be made whole by recovering any economic loss. *Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*, 165 F.3d 1154, 1157 (7th Cir. 1999) (no irreparable harm if "only money is at issue.").

### B. Plaintiff has not shown that the threatened injury to Plaintiff is substantially greater than the harm to Defendants.

Plaintiff has the "burden of showing that the harm [it] will suffer if the injunction is denied is **substantially greater** than the harm [the Defendant] would suffer if the injunction were granted." *Kastanis v. Eggstacy LLC*, 752 F. Supp. 2d 842, 858-59 (N.D. Ill. 2010). (Emphasis added). Here, the threatened injury to Plaintiff is far outweighed by the real and immediate injury to Defendants. An injunction will cause significant harm to Defendants because they will be unable to continue their businesses. Further, Defendants will also be unable to maintain their relationships and reputation with its consumers and in the marketplace. These effects will likely ripple into Defendants' sales of all their other products—not just the fire extinguishers—and irreparably harm their businesses. Defendants have already been wrongfully restrained, resulting in lost profits as well as suffered irreparable harm to their reputations. Defendants' relationships with their suppliers will also be severely impacted.

There is no justification to stop the sales of non-infringing products offered by Defendants. Additionally, the asset restraint currently in place restricted withdrawal of any funds from the Defendants' stores, regardless of whether they are derived from non-infringing sales. By contrast, Plaintiff has not shown that any of the alleged harms it may suffer amounts to anything other than possible lost sales compensable by money damages.

The preliminary injunction must be tailored to the violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). This Court has ruled that assets which are not the proceeds or profits of counterfeiting activities may be exempted from an asset freeze. *Luxottica USA LLC v. The Partnerships, et al.*, 2015 WL 3818622 (N.D. Ill.

11

2015); Cf., *Monster Energy Co. v. Chen Wensheng et al.*, 136 F. Supp. 3d 897 (N.D. Ill 2015) (declining to modify injunction where defendants had not "submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities.").

If the Court is inclined to retain some of Defendants' funds in their Amazon accounts, the amount of such retainer should be no more than necessary to compensate Plaintiff for Defendants' alleged past infringement.

### C. Plaintiff has not shown that it is likely to prevail on the merits of its copyright infringement claim.

To establish copyright infringement Plaintiff must prove impermissible "copying of constituent elements of the work that are original." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). As such, Plaintiff must show that the "the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Id*. A plaintiff must also plead similarity "by pointing to similarities between the two works." *Id*.

Here, neither the Complaint nor the TRO provide any detail, whatsoever, as to what alleged similarities between the allegedly infringing images or video segments Defendants used and the Plaintiff Work. This deficiency is fatal as Plaintiff must point to "similarities between the two works" to adequately allege an infringement claim and support its argument that it is likely to prevail on the merits. *Peters v. West*, 692 F.3d 629, 635 (7th Cir. 2012) (deciding substantial similarity in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim). *Peters*, and many other decisions, makes it clear that Plaintiffs must provide its copyright work and the allegedly infringing work and allege what portions are similar. In deciding a motion to dismiss for failure to state a claim, the *Peters* court reproduced the two allegedly similar parts of each artist's version of the lyrics of the song *Stronger*, providing the entire chorus verbatim in the opinion. The court analyzed the text of each work, noting that both are references to Fredrich

Nietzsche's famous aphorism "what does not kill me, makes me stronger." *Peters*, 692 F.3d at 635. The circuit court closely parsed the rhyme structure, word usage, and other similarities and differences to determine whether there was copying of a protectable expression. Afterward, both the district court and the circuit court concluded that the plaintiff's allegations fell short.

Such an analysis is impossible here. Plaintiff does not assert what portions of the Plaintiff Work are substantially similar to any materials used by Defendants. Plaintiff alleges that Defendants have "made unauthorized copies of the Plaintiff Work. Specifically, Defendants also deceive unknowing consumers by using **an exact screenshot** from the Plaintiff Work without authorization within the product images of their Defendant Internet Stores to attract customers" (TRO at *5). Additionally, without offering any evidence or analysis, Plaintiff simply asserts conclusorily that as "a visual representation, Defendants have directly copied the Plaintiff Work for the Infringing Products listings, or, alternatively, Defendants' representations of Plaintiff's copyrights for the Infringing Products in the Defendant Internet Stores are strikingly similar, or at the very least substantially similar, to Plaintiff's copyright for the Plaintiff's Products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the Infringing Products." TRO *6. (Emphasis added). These threadbare allegations are woefully inadequate as they do not permit the side-by-side analysis required by *Peters*.

Additionally, even if Defendants are found to have copied some portion of the Plaintiff Work, such use is arguably a fair use. To determine whether the use made of a work is a fair use, the Seventh Circuit considers the following factors: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Kienitz v. Sconnie Nation LLC*, 766 F.3d 756, 759. Here, the purpose of using the video was not to supplant the market for the Plaintiff Work, but

13

rather, the video/image was innocently used for educational purposes, and the portion used was small or trivial compared to the whole (TRO at *5, Defendants "use[d] an exact screenshot from the Plaintiff Work.").

### D. Granting the Preliminary Injunction would disserve the public.

The only objective of this lawsuit and the Preliminary Injunction is to exclude Defendants from the market. Public policy does not favor such abuse of the judicial process. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 18 ("We agree with the district court that forcing [defendant] from the market would harm the public interest. It is a rare case where purging a safe and effective product serves broad societal interests."). As a result, the public interest does not favor the issuance of the injunction.

At bottom, Plaintiff is arguing to be entitled to completely shut down Defendants' stores—even if Defendants no longer use the Plaintiff Work, sell non-infringing fire extinguishers, and sell several products beyond fire extinguishers. Plaintiff's position is untenable, unfair, and against the public interest. By eliminating the stores from Amazon, Plaintiff irreparably damages Defendants, unfairly eliminates legitimate competition, and does a disservice to the public.

### V. CONCLUSION

For the foregoing reasons, the court shall dissolve the Preliminary Injunction Order [Dkt. 27], and grant other reliefs in Defendants' favor that deems just and proper.

Dated: Queens, New York
August 17, 2023

Respectfully submitted,

**J. ZHANG AND ASSOCIATES, P.C.**

*/s/ Jiyuan Zhang*
Jiyuan Zhang, Esq.
37-12 Prince Street, Ste 9C
Flushing, New York 11354
T: 1(718) 701 - 5098

**AFFIRMATION OF SERVICE**

    I hereby certify that on August 17, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Jiyuan Zhang*