IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS-EASTERN DIVISION

| | | |
|---|---|---|
| XiaoQian Zhao, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:23-cv-04507 |
| | ) | |
| v. | ) | Dist. Judge Matthew F. Kennelly |
| | ) | |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

Defendant epicesolutions (hereinafter "Defendant"), by and through their attorneys, Kreisman Law Offices, as and for its Answer to the Complaint filed in the above-captioned action, states as follows:

**Introduction**

1. Neither admit or deny the allegations set forth in Paragraph 1 of the Complaint and leave Plaintiff to prove.

2. Denies each and every allegation in paragraph 2 of the Complaint.

3. Denies each and every allegation in paragraph 3 of the Complaint.

4. Denies each and every allegation in paragraph 4 of the Complaint.

5. Denies each and every allegation in paragraph 5 of the Complaint.

6. Neither admit or deny the allegations set forth in Paragraph 6 of the Complaint and leave Plaintiff to prove.

**Jurisdiction and Venue**

7. Lack sufficient knowledge and information to admit or deny the allegations set forth in paragraph 7 of the Complaint and thereby deny the same.

8. Lack sufficient knowledge and information to admit or deny the allegations set forth in paragraph 8 of the Complaint and thereby deny the same.

**Parties**

9. Neither admit or deny the allegations set forth in Paragraph 9 of the Complaint and leave Plaintiff to prove.

10. Neither admit or deny the allegations set forth in Paragraph 10 of the Complaint and leave Plaintiff to prove.

11. Neither admit or deny the allegations set forth in Paragraph 11 of the Complaint and leave Plaintiff to prove.

12. Neither admit or deny the allegations set forth in Paragraph 12 of the Complaint and leave Plaintiff to prove.

13. Neither admit or deny the allegations set forth in Paragraph 13 of the Complaint and leave Plaintiff to prove.

14. Neither admit or deny the allegations set forth in Paragraph 14 of the Complaint and leave Plaintiff to prove.

15. Neither admit or deny the allegations set forth in Paragraph 15 of the Complaint and leave Plaintiff to prove.

16. Neither admit or deny the allegations set forth in Paragraph 16 of the Complaint and leave Plaintiff to prove.

17. Neither admit or deny the allegations set forth in Paragraph 17 of the Complaint and leave Plaintiff to prove.

18. Neither admit or deny the allegations set forth in Paragraph 18 of the Complaint and leave Plaintiff to prove.

19. Neither admit or deny the allegations set forth in Paragraph 19 of the Complaint and leave Plaintiff to prove.

20. Neither admit or deny the allegations set forth in Paragraph 20 of the Complaint and leave Plaintiff to prove.

21. Denies that individuals and business entities reside in the People's Republic of China. Defendant denies all remaining allegations in Paragraph 21.

22. Denies each and every allegation in paragraph 22 of the Complaint.

**Defendant's Unlawful Conduct**

23. Neither admit or deny the allegations set forth in Paragraph 23 of the Complaint and leave Plaintiff to prove.

24. Neither admit or deny the allegations set forth in Paragraph 24 of the Complaint and leave Plaintiff to prove.

25. Neither admit or deny the allegations set forth in Paragraph 25 of the Complaint and leave Plaintiff to prove.

26. Neither admit or deny the allegations set forth in Paragraph 26 of the Complaint and leave Plaintiff to prove.

27. Neither admit or deny the allegations set forth in Paragraph 27 of the Complaint and leave Plaintiff to prove.

28. Neither admit or deny the allegations set forth in Paragraph 28 of the Complaint and leave Plaintiff to prove.

29. Neither admit or deny the allegations set forth in Paragraph 29 of the Complaint

and leave Plaintiff to prove.

30. Neither admit or deny the allegations set forth in Paragraph 30 of the Complaint and leave Plaintiff to prove.

31. Neither admit or deny the allegations set forth in Paragraph 31 of the Complaint and leave Plaintiff to prove.

32. Neither admit or deny the allegations set forth in Paragraph 32 of the Complaint and leave Plaintiff to prove.

33. Denies each and every allegation in paragraph 33 of the Complaint.

34. Denies each and every allegation in paragraph 34 of the Complaint.

35. Denies each and every allegation in paragraph 35 of the Complaint.

36. Denies each and every allegation in paragraph 36 of the Complaint.

37. Denies each and every allegation in paragraph 37 of the Complaint.

38. Denies each and every allegation in paragraph 38 of the Complaint.

39. Denies each and every allegation in paragraph 39 of the Complaint.

40. Denies each and every allegation in paragraph 40 of the Complaint.

### As to Count I
### Copyright Infringement (17 U.S.C. § 501)

41. The answering Defendant repeats and realleges each and every response set forth in paragraphs 1 through 40 herein-above in response to the allegations set forth in paragraph 41 of the Complaint.

42. Neither admit or deny the allegations set forth in Paragraph 42 of the Complaint and leave Plaintiff to prove.

43. Neither admit or deny the allegations set forth in Paragraph 43 of the Complaint and leave Plaintiff to prove.

44. Neither admit or deny the allegations set forth in Paragraph 44 of the Complaint and leave Plaintiff to prove.

45. Denies each and every allegation in paragraph 45 of the Complaint.

46. Denies each and every allegation in paragraph 46 of the Complaint.

47. Denies each and every allegation in paragraph 47 of the Complaint.

48. Denies each and every allegation in paragraph 48 of the Complaint.

49. Denies each and every allegation in paragraph 49 of the Complaint.

50. Neither admit or deny the allegations set forth in Paragraph 50 of the Complaint and leave Plaintiff to prove.

51. Neither admit or deny the allegations set forth in Paragraph 51 of the Complaint and leave Plaintiff to prove.

**FIRST AFFIRMATIVE DEFENSE**

52. Plaintiff fails to state a claim against Defendant on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

53. One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

**THIRD AFFIRMATIVE DEFENSE**

54. Plaintiff has unclean hands. They base their claims of infringement on information and belief, on a "secret informant" whom they have never met or vetted for credibility, and who is the perpetrator of any unlawful conduct (being a disgruntled ex-employee).

**FOURTH AFFIRMATIVE DEFENSE**

55. Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §507.

**FIFTH AFFIRMATIVE DEFENSE**

56. The action is barred by the doctrine of Laches.

**SIXTH AFFIRMATIVE DEFENSE**

57. Plaintiff's action is barred by the doctrine of equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

58. Defendants' conduct was innocent, non-infringing, and not a willful infringement of copyright.

**EIGHTH AFFIRMATIVE DEFENSE**

59. Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507.

**NINTH AFFIRMATIVE DEFENSE**

60. This action is barred by the "scenes-a-faire" doctrine.

**TENTH AFFIRMATIVE DEFENSE**

61. Plaintiff has engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendant reserves the right to assert one or more antitrust related claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are barred to the extent they claim copyright protection in works that are immoral, illegal, obscene or libelous.

**TWELFTH AFFIRMATIVE DEFENSE**

63. Plaintiff's claims are barred due to their deceptive and misleading advertising in connection with the distribution of all alleged copyrighted works.

**THIRTEENTH AFFIRMATIVE DEFENSE**

64. Plaintiff has waived his rights to claim copyright infringement.

**FOURTEENTH AFFIRMATIVE DEFENSE**

65. Plaintiff has abandoned or forfeited his copyrights.

**FIFTEENTH AFFIRMATIVE DEFENSE**

66. Plaintiff has acquiesced in any alleged copyright infringement.

### SIXTEENTH AFFIRMATIVE DEFENSE

67. This action may be barred by the "first sale doctrine" because if lawfully obtained and possessed one or more of Plaintiffs copyrighted works. 17 U.S.C. § 109(a).

### SEVENTEENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred since critical parts or portions of their alleged protected copyrights are invalid due to consisting of un-protectable idea(s) or processes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred since critical part or portions of their alleged protected copyrights are invalid due to consisting of fact(s).

### NINETEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims, including their assertion of copyright protection are barred by the doctrine of Merger.

### TWENTIETH AFFIRMATIVE DEFENSE

71. Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiffs alleged work.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

72. Plaintiff failed to join indispensable parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

73. Answering Defendant reserves the right to amend these separate affirmative defenses upon the completion of appropriate investigation and discovery.

WHEREFORE, based upon the foregoing, the answering Defendant prays an Order be entered:

A. Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety;

      B.      Granting the answering Defendant costs, attorney's fees and expenses incurred defending this matter; and

      C.      Granting the Defendant all other appropriate relief

Dated: September 28,2023      Respectfully submitted,

*/s/ Robert D. Kreisman*
Robert D. Kreisman
(Bar No. 1529269)
Kreisman Law Offices
55 W. Monroe St., Suite 3700
Chicago, Illinois 60603
Telephone: 312-346-0045
E-mail: bob@robertkreisman.com

**AFFIRMATION OF SERVICE**

I hereby certify that on September 28, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*Isl Robert D. Kreisman*