**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XiaoQian Zhao,<br><br>                Plaintiff,<br><br>   v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                Defendants. | Case No.: 1:23-cv-04507<br><br>Hon. Judge Matthew F. Kennelly |

**AMENDED MOTION TO VACATE DEFAULT**
**ORDER AND TO DISMISS WITH PREJUDICE**

Pursuant to Rule 60(c) of the Federal Rules of Civil Procedure, Defendant epicesolutions hereby moves this Court to vacate the default order entered in this case on September 25, 2023 against epicesolutions (No. 26) ("Defendant").

1. On September 6, 2023, attorney Robert D. Kreisman filed his appearance on behalf of epicesolutions (#26). (Dkt. No. 37).

2. epicesolutions, which is an online marketing entity that received notice of a motion for default on September 25, 2023.

3. On September 28, 2023, counsel for epicesolutions (#26) filed a motion to vacate the default judgment. (Dkt. No. 53).

4. epicesolutions filed its answer and affirmative defenses on September 28, 2023 denying the essential elements of the Plaintiff's Complaint. (Dkt. No. 52).

5. Counsel for epicesolutions had no prior notice of the motion to default until it was provided by epicesolutions to counsel.

6. The amended motion to vacate was brought in a timely manner and would serve no

1

hardship on the Plaintiff.

7.   This amended motion to vacate is filed pursuant to Rule 60(b) within days after the order of default was entered.

8.   This Defendant has a meritorious defense to these claims and has accordingly answered and denied the substantive allegations of the Plaintiff's Complaint.

9.   In addition, epicesolutions would be prevented from "fully and fairly presenting" at trial because of this (judgment) order.

10.  The Court's Minute Order of September 29, 2023 denying without prejudice epicesolutions' original motion to vacate.  (Dkt. No. 54.)

## LEGAL STANDARD

"Federal Rule of Civil Procedure 55 governs default judgments in federal court."  *Silverman v. Wigob*, 914 F.2d 260 (Table, 1990 WL 127568, at *4 (7th) 1990); *See* Fed.R.Civ.P. 55.

Under Rule 55(d)(2), "the court may enter a default judgment if the amount at issue is for a sum certain." *Am. Nat'l Bank & Trust Co. of Chi v. Alps Elec.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D.Ill. Mar. 29, 2002) (citing Fed.R.Civ.P. 55(d)(2).

"A party is not entitled to a default judgment as a matter of right." *Jordan v. Van Dyke*, No. 99 C 5357, 2000 WL 126784, 82 at *2 N.D.Ill. 71 2000.

In this case, the default judgment was entered against multiple defendants who the Court had envisioned had not appeared, answered, or otherwise pleaded.  In this case, epicesolutions (#26) had filed an appearance, had filed an answer and affirmative defenses and in the interim was defaulted.

A party seeking to vacate an entry or default judgment must show: "(1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense for the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *See also Jones v. Thipps*, 39 F.3d. 158, 163 (7th Cir. 1994).

epicesolutions has acted promptly on notice of the default judgment. It moved to vacate it but as noted here, its first motion to vacate was denied without prejudice, giving rise to this amended motion and the Declaration of Robert D. Kreisman.

epicesolutions believes that the default judgment being vacated would also prevail meritoriously as to the complaint, injunction because the Plaintiff cannot show that the Plaintiff is likely to suffer irreparable harm if it prevailed against this Defendant.

The Court should grant epicesolutions' motion to vacate in that there was little or no delay that resulted from its failure to file a timely answer. In *Mommaerts v. Hartford Life Ins. and Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (holding that failure to file a timely answer was excused where "delay was short." *Jordan*, 2000 WL 126784, at *2 (same). In this instance, epicesolutions filed its answer on September 28, 2023. There is no doubt that the Plaintiff cannot claim that it is unable to litigate the case or is prejudiced by this brief delay.

epicesolutions has a meritorious defense in that the Plaintiff has not been damaged, cannot prove any damages caused by epicesolutions, has not been injured, and epicesolutions had long ago removed any potential violation of copyright, trademark, or other violations that Plaintiff has claimed in its Complaint. epicesolutions has sold no product or made any profit whatsoever in any prior posting that are claimed to have damaged this Plaintiff.

Considering the brief delay occasioned by epicesolutions technical default and the *en masse* entry of default judgment, it remains the Seventh Circuit's "policy of favoring trial on the merits over default judgment," *Cracco,* 559 F.3d at 630-31, and thus the Court should grant epicesolutions motion to vacate the default judgment.

**CONCLUSION**

For the foregoing reasons, the Court should vacate the default judgment entered against epicesolutions and grant such other and further relief in this Defendant's favor that the Court deems just and proper.

Dated: October 16, 2023                  Respectfully submitted,

                                         /s/ Robert D. Kreisman
                                         Robert D. Kreisman
                                         (Bar No. 1529269)
                                         Kreisman Law Offices
                                         55 W. Monroe St., Suite 3700
                                         Chicago, Illinois 60603
                                         Telephone: 312-346-0045
                                         E-mail: bob@robertkreisman.com

**AFFIRMATION OF SERVICE**

I hereby certify that on October 16, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

                                         /s/ Robert D. Kreisman